IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> JEREMIAH LETTIERE, <br><br> Defendant/Movant. | Cause No. CR 09-049-M-DWM <br> CV 16-157-M-DWM <br><br> ORDER |

This case comes before the Court on Defendant Lettiere's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Lettiere is a federal prisoner proceeding with counsel.

Lettiere seeks relief under the Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

**I. Procedural Background**

**A. Proceedings in the Criminal Case**

On October 7, 2009, a grand jury indicted Lettiere, along with two co-defendants, on one count of committing a Hobbs Act robbery, a violation of 18 U.S.C. § 1951(a) (Count 1), and one count of using and brandishing a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c) (Count 2). *See* Indictment (Doc. 22) at 2-3. Following a jury trial, Lettiere was convicted on both

1

counts. *See* Verdict (Doc. 93) at 1. On April 9, 2010, Lettiere was sentenced to serve 51 months on Count 1 and 84 months on Count 2, consecutive, to be followed by a five-year term of supervised release. *See* Minutes (Doc. 113); Judgment (Doc. 117) at 2-3; 18 U.S.C. § 924(c)(1)(A)(ii), (D)(ii).

Lettiere appealed, but his conviction was affirmed. *United States v. Lettiere*, 640 F.3d 1271, 1276 (9th Cir. 2011). His conviction became final ninety days later, on August 21, 2011. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

## B. Collateral Proceedings

On July 23, 2012, Lettiere filed a motion under 28 U.S.C. § 2255. The motion and a certificate of appealability were denied on December 4, 2012. *See* Mot. § 2255 (Doc. 136); Order (Doc. 144).

On December 27, 2016, the Court of Appeals granted Lettiere leave to proceed with a second or successive § 2255 motion. "A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4); *see also id.* § 2255(h).

Section 2255(h)(2) allows a second or successive motion that meets three criteria: the motion must "contain . . . a new rule of constitutional law"; the new rule must be "made retroactive to cases on collateral review by the Supreme Court"; and, the new rule must have been "previously unavailable."

2

*Johnson* is a new rule of constitutional law. It holds the enterprise of deciding whether a specific offense meets the requirements of a specific statutory clause, *see* 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, so that "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson*, 135 S. Ct. at 2557. In *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1264-65 (2016), the Supreme Court made *Johnson* retroactively applicable to cases on collateral review. And the rule announced in *Johnson* was previously unavailable. Not only was there no legal authority holding the clause unconstitutionally vague before *Johnson*, but the Supreme Court had twice held the clause was *not* unconstitutionally vague. Lettiere meets the requirements of 28 U.S.C. § 2255(h)(2) and is entitled to proceed with his second § 2255 motion.

## II. Merits

The jury convicted Lettiere of using a firearm as a weapon in committing a crime. But because of the way the phrase "crime of violence" is interpreted in the Ninth Circuit and in *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204 (2018), the jury's verdict does not necessarily mean Lettiere is guilty of using or carrying a firearm during and in relation to a "crime of violence" as the phrase is defined in 18 U.S.C. § 924(c).

### A. "Crime of Violence"

Congress does not penalize everyone who uses a firearm to commit a crime.

It penalizes:

> any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm[.]

18 U.S.C. § 924(c)(1)(A). Congress requires penalizing only those who use a firearm to commit certain kinds of crimes: federal drug trafficking crimes and federal crimes of violence. The United States claimed Lettiere used or carried a firearm in connection with a "crime of violence." Congress defines the term:

> For purposes of this subsection [§ 924(c)] the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

### B. Categorical Approach

The key characteristic of Congress's definition of a "crime of violence" is that it applies to categories of crimes, not to the circumstances in which an individual defendant uses, carries, or possesses a firearm.

Congress uses the identical phrase, "crime of violence," elsewhere in Title 18, *see* § 16. It uses a similar phrase, "violent felony," elsewhere in § 924, at

4

subsection 924(e)(2)(B). As to both § 924(e)(2)(B) and § 16, courts use a "categorical approach" to decide whether a given crime fits Congress' definition. This approach looks "only to the statutory definitions" of the crime, "not to the particular facts underlying" an individual defendant's commission of the crime. *Taylor v. United States*, 495 U.S. 575, 600 (1990); *see also United States v. Sherbondy*, 865 F.2d 996, 1009-10 (9th Cir. 1988) (holding that district court may look only "to the statutes establishing the crimes," not "the individual defendant's specific conduct in committing the . . . offense") (cited in *Taylor*, 495 U.S. at 600).

The Ninth Circuit requires courts to interpret § 924(c)(3) just as they interpret § 924(e)(2)(B) and § 16, by using a "categorical approach." *See United States v. Benally*, 843 F.3d 350, 352 (9th Cir. 2016); *United States v. Amparo*, 68 F.3d 1222, 1224-26 (9th Cir. 1995). Congress's language in § 924(c) only penalizes those who use a firearm to commit *some* crimes. Courts' approach to deciding *which* crimes means that the predicate to a § 924(c) conviction must *always* be a "crime of violence," regardless of how a particular defendant might commit the crime, and regardless of whether a firearm is used or carried or possessed in furtherance of it. "A crime cannot categorically be a 'crime of violence' if the statute of conviction punishes any conduct not encompassed by the statutory definition of a 'crime of violence.'" *Benally*, 843 F.3d at 352.

The next question is whether Lettiere's violation of the Hobbs Act was a

5

"crime of violence," either because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or because, "by its nature, [it] involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). To answer this question, the Court must use the categorical approach.

### C. Robbery or Extortion?

The United States alleged that violation of the Hobbs Act was the "crime of violence" underlying the charge against Lettiere under 18 U.S.C. § 924(c). The Hobbs Act provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a).

The Act separately defines "robbery" and "extortion":

(b) As used in this section—

(1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member

6

of his family or of anyone in his company at the time of the taking or obtaining.

(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

18 U.S.C. § 1951(b). The Act is a divisible statute, meaning that robbery and extortion are, in effect, two different crimes under the Act. *See, e.g., United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017); *United States v. Hill*, 832 F.3d 135, 139 n.5 (2d Cir. 2016); *see also Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243, 2248-49 (2016); *Descamps v. United States*, 570 U.S. 254, 257 (2013).

Lettiere argues that Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A). *See* Mot. § 2255 at 13-19. He also points to Hobbs Act extortion cases to show that some offenses prosecuted under the Hobbs Act may be non-violent. *See* Mot. § 2255 (Doc. 150) at 16. The United States' answer invites the Court to review the indictment and "plea agreement" to establish that Lettiere was convicted of Hobbs Act robbery. *See* Answer (Doc. 154) at 21-22; *see generally Shepard v. United States*, 544 U.S. 13 (2005). Presumably the United States meant instead to refer to the jury instructions, as Lettiere did not plead guilty.

Turning to the *Shepard* documents, Count 1 of the Indictment alleged that Lettiere "knowingly, deliberately, and unlawfully used actual and threatened force to take from the person or presence of P.C. the personal property of P.C." Indictment (Doc. 22) at 2. Count 2 alleged that he used and brandished a firearm

7

"during and in relation to . . . robbery affecting interstate commerce." *Id.* at 3. The language of Count 1 alleges robbery because it includes the crucial element of a taking "from the person or presence" of another. The allegation in Count 2 shows the United States intended to prove robbery, not extortion.

At trial, however, the jury was instructed that the first element of Count 1 required the United States to prove "the defendant induced Patrick Collins to part with property by the wrongful use of threat of force or fear." Jury Instr. No. 10 (Doc. 88 at 11); *see also* 9th Cir. Manual of Model Crim. Jury Instr. 8.117 (approved 2000). Inducing a victim to part with property by wrongfully using threat of force or fear reflects the definition of *extortion* under the Hobbs Act: "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear." 18 U.S.C. § 1951(b)(2). A Hobbs Act *robbery*, by contrast, is "the unlawful taking or obtaining of personal property *from the person or in the presence of another*, against his will, by means of actual or threatened force, or violence, or fear *of injury*, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1).

Extortion *may* be proved, like robbery, by "wrongful use of actual or threatened force [or] violence." But it may also be proved by the wrongful use of "fear." As Lettiere points out, *see* Mot. § 2255 at 16, the word "fear" brings non-violent blackmail and economic extortion within the scope of the Hobbs Act. *See,*

8

*e.g., United States v. Villalobos*, 748 F.2d 953, 955, 956-57 (9th Cir. 2014) (finding Hobbs Act extortion where defendant threatened or offered to mislead authorities investigating an offense); *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1130-33 (9th Cir. 2014) (applying *United States v. Sturm*, 870 F.2d 769, 771-72 (1st Cir. 1989), and finding Hobbs Act extortion would be proved if defendant made wrongful threats of economic injury).

Lettiere's jury was instructed it could convict him if it found he wrongfully used the threat or force or *fear*, not *fear of injury*. Fear without the follow-up, "of injury," suggests extortion, not robbery. The instruction did not use the phrase "with his consent," from the definition of extortion, and one court observed that "this element of consent is the razor's edge that distinguishes extortion from robbery." *United States v. Zhou*, 428 F.3d 361, 371 (2d Cir. 2005). The instruction also omitted the phrase "against his will," the other side of the razor's edge, distinguishing robbery from extortion. Rather than using the word "unlawful" from the definition of robbery, the instruction uses the word "wrongful," which is crucial in distinguishing legal from illegal inducements in extortion. *See, e.g., Levitt*, 765 F.3d at 1130.

The jury instruction does not show how Lettiere was convicted of robbery. It shows he was convicted of robbery or extortion, or even, arguably, just extortion. There is no reason to doubt that Lettiere's *conduct* was robbery. In categorical

analysis, "[h]ow a given defendant actually perpetrated the crime makes no difference." *Mathis*, 136 S. Ct. at 2251. The point of the *Shepard* documents is to determine what *elements* were proved against the defendant. From the record, one cannot say the jury convicted Lettiere of taking personal property "from the person or in the presence of" the victim, "against his will." Those elements were not submitted for the jury's deliberation. All that can be said is that the jury convicted Lettiere of inducing the victim to part with property by wrongfully using the threat of force or fear.

### D. The Elements Clause, § 924(c)(3)(A)

Even if a Hobbs Act robbery is a crime of violence under § 924(c)(3)(A), *see, e.g., United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993) ("Robbery indisputably qualifies as a crime of violence."), *Levitt* and *Villalobos* show that extortion does not have, as an element, the use or attempted or threatened use of physical force against the person or property of another. The jury's verdict against Lettiere on Count 1 arguably did not establish that he committed a crime of violence as defined by § 924(c)(3)(A).

### E. The Residual Clause, § 924(c)(3)(B)

Extortion could be a "crime of violence" under the residual clause of § 924(c)(3)(B). Elsewhere in § 924, Congress signaled that it considered extortion a "violent felony." *See* Armed Career Criminal Act ("ACCA"), 18 U.S.C. §

924(e)(2)(B)(ii) (defining a "violent felony" as, among other things, "burglary, arson, or extortion").

However this is where Lettiere's reliance on *Johnson* applies. *Johnson* concerned ACCA's last clause, commonly called the residual clause of § 924(e)(2)(B). It held that the phrase "*otherwise involves conduct that presents a serious potential risk of physical injury to another*" was unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2557.

18 U.S.C. § 16(b) is a similar though not identical clause. It defines a "crime of violence" as a felony "that, *by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*." On April 17, 2018, the United States Supreme Court affirmed the Ninth Circuit Court of Appeals in holding that the residual clause of § 16(b) is unconstitutionally vague under the rule of *Johnson*. *See Dimaya*, 138 S. Ct. at 1223.

*Mendez* and *Benally* hold that § 924(c)(3)(B) is applied by using categorical analysis, and that method lies at the heart of *Johnson* and *Dimaya*. As the Supreme Court succinctly explained in *Welch*, *Johnson* held that § 924(e)(2)(B)(ii) "failed not because it adopted a 'serious potential risk' standard but because applying that standard *under the categorical approach* required courts to assess the hypothetical risk posed by an abstract generic version of the offense." *Welch*, 136 S. Ct. at

1262 (emphasis added). Acknowledging that some crimes might be "clearly risky," the Court nevertheless held the clause unconstitutionally vague and unenforceable in any case. *See Johnson*, 135 S. Ct. at 2560-61.

Likewise, in *Dimaya*, the Supreme Court said:

> [Section] 16(b) has the same two features that conspired to make ACCA's residual clause unconstitutionally vague. It too requires a court to picture the kind of conduct that the crime involves in the ordinary case, and to judge whether that abstraction presents some not-well-specified-yet-sufficiently-large degree of risk. The result is that § 16(b) produces, just as ACCA's residual clause did, more unpredictability and arbitrariness than the Due Process Clause tolerates.

138 S. Ct. at 1216 (internal quotation marks, brackets, and citations omitted).

Section 924(c)(3)(B), textually identical to § 16(b) and also applied by using categorical analysis, cannot be salvaged. It is unconstitutionally vague.

### F. Conclusion

The jury did not find all the elements of Hobbs Act robbery. Although Hobbs Act robbery is a crime of violence under § 924(c)(3)(A), extortion is not. Section 924(c)(3)(B) is unconstitutionally vague. As a result, Lettiere's conviction under § 924(c) cannot stand under controlling law.

### III. Procedural Defenses

The United States did not brief any procedural defenses. They are waived. *See* Order (Doc. 151) at 2 ¶ 1.

### IV. Conclusion

Lettiere will be re-sentenced on Count 1. *See Dean v. United States*, __ U.S. __, 137 S. Ct. 1170, 1176 (2017); *Greenlaw v. United States*, 554 U.S. 237, 253-54 (2008); *United States v. Handa*, 122 F.3d 690, 691-92 (9th Cir. 1997). The new sentence will be determined by applying 18 U.S.C. § 3553(a) and, except as limited by *Peugh v. United States*, 569 U.S. 530 (2013), the 2016 Sentencing Guidelines Manual.

A certificate of appealability need not be considered because this decision is not adverse to Lettiere. *See* Rule 11(a), Rules Governing § 2255 Proceedings.

Accordingly, IT IS ORDERED:

1. Lettiere's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 150) is GRANTED.

3. Sentencing will be set by separate Order.

4. Following entry of the Judgment in the criminal case (CR 09-49-M-DWM), the Clerk of Court is directed to enter judgment in the civil case (CV 16-157-M-DWM) in favor of Lettiere and against the United States.

DATED this 13th of July, 2018.

Donald W. Molloy, District Judge
United States District Court

13