IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 09-49-M-DWM |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING MOTIONS |
| JEREMIAH LETTIERE, | |
| Defendant/Movant. | |

On December 27, 2016, the Court of Appeals granted Defendant Jeremiah Lettiere leave to file in this Court a second or successive motion under 28 U.S.C. § 2255. *See* Order (Doc. 149) at 1. Lettiere sought relief based on *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2251 (2015).

After the Court completed its preliminary review under Rule 4(b) of the Rules Governing § 2255 Proceedings, the United States was ordered to answer Lettiere's motion. The order said:

> The answer shall respond to the allegations on the merits and shall raise and brief any and all defenses the United States wishes the Court to consider. Defenses not raised will be deemed waived.

Order (Doc. 151) at 2 ¶ 1.

In its answer, the United States did not mention, much less brief, the statute of limitations, procedural default, or whether the criteria of 28 U.S.C. § 2255(h)(2)

1

were satisfied. The United States responded to Lettiere's § 2255 motion solely on the grounds that Hobbs Act robbery is a crime of violence. *See* Answer (Doc. 154) at 1–22. Citing the indictment and Lettiere's supposed "plea agreement," *see id.* at 21, it claimed the § 2255 motion lacked merit.

But Lettiere did not plead guilty, and the jury's instructions did not require it to find he committed a Hobbs Act robbery. They reflected the definition of Hobbs Act extortion. *See* Order (Doc. 158) at 7–10. The Court had to conclude that Lettiere was not convicted of a "crime of violence" within the meaning of 18 U.S.C. § 924(c)(3). *See id.* at 12.

While the Court briefly considered whether Lettiere's motion met the criteria of 28 U.S.C. § 2255(h)(2), *see* Order (Doc. 158) at 2–3; 28 U.S.C. §§ 2244(b)(4), 2255(h), it also noted the United States' silence on all procedural issues. All procedural defenses were deemed waived. *See* Order (Doc. 158) at 12 (citing Order (Doc. 151) at 2 ¶ 1). Presented with a meritorious motion free of procedural bar, the Court granted relief under § 2255, *see* Order (Doc. 158) at 13 ¶ 1, and set a new sentencing hearing for October 24, 2018, *see* Order (Doc. 159) at 1 ¶ 1.

The United States now moves the Court to reconsider its ruling. Without mentioning the Court's express holding that it waived all procedural defenses, it relies on *United States v. Blackstone*, No. 17-55023 (9th Cir. Sept. 12, 2018).

*Blackstone* held that § 2255 motions seeking relief based on *Johnson* are untimely under § 2255(f)(3) until the Supreme Court extends *Johnson* to other contexts. *See United States v. Blackstone*, No. 17-55023 (9th Cir. Sept. 12, 2018).

In most other cases filed in this District under *Johnson* and § 2255, the United States raised and briefed the statute of limitations and other procedural issues. Here, it waived "the limitations defense . . . procedural default, [and] nonretroactivity." None of these issues goes to a district court's jurisdiction. *Day v. McDonough*, 547 U.S. 198, 205 (2006). The Court sees no reason, and the United States presents none, why its waiver should be excused.

Accordingly, IT IS HEREBY ORDERED that the United States' motions to vacate the sentencing hearing and for leave to file a motion to reconsider (Docs. 160, 161) are DENIED. Sentencing remains set for October 24, 2018, at 1:30 p.m.

DATED this 27th day of September, 2018.

Donald W. Molloy
United States District Court